IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| ANDREW LAWHORN, | ) | Civil No.: 3:13-cv-00319-JE |
| | ) | |
| Plaintiff, | ) | FINDINGS AND |
| | ) | RECOMMENDATION |
| v. | ) | |
| | ) | |
| CAROLYN W. COLVIN, | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

James S. Coon
Swanson Thomas & Coon & Newton
820 SW 2nd Avenue
Suite 200
Portland, OR 97204

    Attorney for Plaintiff

S. Amanda Marshall, U.S. Attorney
Adrian L. Brown, Asst. U.S. Attorney
1000 S.W. 3rd Avenue, Suite 600
Portland, OR 97204-2902

FINDINGS AND RECOMMENDATION - 1

>Jordan D. Goddard
>Social Security Administration
>Office of the General Counsel
>701 Fifth Avenue, Suite 2900, M/S 221A
>Seattle, WA 98104
>
>>Attorneys for Defendant

JELDERKS, Magistrate Judge:

Plaintiff Andrew Lawhorn brings this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of a final decision of the Commissioner of Social Security (the Commissioner) denying his application for Disability Income Benefits (DIB) under the Social Security Act (the Act). Plaintiff seeks an Order remanding the action to the Social Security Administration (the Agency) for an award of benefits or, in the alternative, remanding for further proceedings.

For the reasons set out below, the Commissioner's decision should be affirmed.

## Procedural Background

Plaintiff filed an application for DIB on February 24, 2009, alleging that he had been disabled since February 1, 2003 because of a spinal fracture, depression, osteoporosis, and arthritis.

After his claim had been denied initially and on reconsideration, Plaintiff timely requested an administrative hearing.

On July 19, 2011, a hearing was held before Administrative Law Judge (ALJ) Rudy Murgo. Plaintiff; Joyce Marx, a third party witness; and Gary Jesky, a Vocational Expert (VE), testified at the hearing.

In a decision filed on July 21, 2011, ALJ Murgo found that Plaintiff was not disabled within the meaning of the Act. Plaintiff asked the Appeals Council to review the ALJ's decision, and submitted supplemental evidence from his treating physician while his request for review

was pending. The Appeals Council made the supplemental evidence part of the record, and considered it in evaluating the request for review.

The ALJ's decision became the final decision of the Commissioner on January 22, 2013, when the Appeals Council denied Plaintiff's request for review. In the present action, Plaintiff challenges that decision.

## Background

Plaintiff was born on June 4, 1958, and was 53 years old at the time of the ALJ's decision. He did not finish high school, but did complete a two-year marine technician program at a community college after serving in the United States Marine Corps and United States Navy for 20 years. Plaintiff has past work experience as a boat technician, a casino cashier, a concession stand manager and cook, a weather forecaster, a short-order cook, and a school bus driver. His last job, in which he worked as a short-order cook, ended in December 2006.

Plaintiff filed a claim for individual unemployability benefits with the Veterans Administration on March 29, 2009, and he was found to be unemployable and entitled to benefits as of that date.

## Disability Analysis

The ALJ engages in a five-step sequential inquiry to determine whether a claimant is disabled within the meaning of the Act. 20 C.F.R. §§ 404.1520, 416.920. Below is a summary of the five steps, which also are described in Tackett v. Apfel, 180 F.3d 1094, 1098-99 (9th Cir. 1999).

Step One. The Commissioner determines whether the claimant is engaged in substantial gainful activity (SGA). A claimant engaged in such activity is not disabled. If the claimant is

FINDINGS AND RECOMMENDATION - 3

not engaged in substantial gainful activity, the Commissioner proceeds to evaluate the claimant's case under Step Two. 20 C.F.R. § 404.1520(b).

<u>Step Two</u>. The Commissioner determines whether the claimant has one or more severe impairments. A claimant who does not have such an impairment is not disabled. If the claimant has a severe impairment, the Commissioner proceeds to evaluate the claimant's case under Step Three. 20 C.F.R. § 404.1520©.

<u>Step Three</u>. Disability cannot be based solely on a severe impairment; therefore, the Commissioner next determines whether the claimant's impairment "meets or equals" one of the presumptively disabling impairments listed in the Social Security Administration (SSA) regulations, 20 C.F.R. Part 404, Subpart P, Appendix 1. A claimant who has such an impairment is disabled. If the claimant's impairment does not meet or equal an impairment listed in the regulations, the Commissioner's evaluation of the claimant's case proceeds under Step Four. 20 C.F.R. § 404.1520(d).

<u>Step Four</u>. The Commissioner determines whether the claimant is able to perform relevant work he or she has done in the past. A claimant who can perform past relevant work is not disabled. If the claimant demonstrates he or she cannot do work performed in the past, the Commissioner's evaluation of the claimant's case proceeds under Step Five. 20 C.F.R. § 404.1520(f).

<u>Step Five</u>. The Commissioner determines whether the claimant is able to do any other work. A claimant who cannot perform other work is disabled. If the Commissioner finds that the claimant is able to do other work, the Commissioner must show that a significant number of jobs exist in the national economy that the claimant can do. The Commissioner may satisfy this burden through the testimony of a vocational expert (VE) or by reference to the

FINDINGS AND RECOMMENDATION - 4

Medical-Vocational Guidelines, 20 C.F.R. Part 404, Subpart P, Appendix 2. If the Commissioner demonstrates that a significant number of jobs exist in the national economy that the claimant can do, the claimant is not disabled. If the Commissioner does not meet this burden, the claimant is disabled. 20 C.F.R. § 404.1520(g)(1).

At Steps One through Four, the burden of proof is on the claimant. Tackett, 180 F.3d at 1098. At Step Five, the burden shifts to the Commissioner to show that the claimant can perform jobs that exist in significant numbers in the national economy. Id.

### Medical Record and Testimony

Like the parties, I will not separately summarize the medical record and testimony. Instead, in the discussion below I will address the medical evidence and testimony that are directly relevant to the issues Plaintiff has raised.

### ALJ's Decision

The ALJ first noted that Plaintiff last met the requirements for insured status under the Act on March 31, 2007.

At the first step of his disability analysis, the ALJ found that Plaintiff had not engaged in substantial gainful activity between the date of his alleged onset of disability on February 1, 2003, and his date last insured.

At the second step, the ALJ found that Plaintiff had the following "severe" impairments: cervical spine spondylosis status post fusion, chronic obstructive pulmonary disease, osteoporosis, and depression.

At the third step, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or equaled a presumptively disabling impairment set out in the listings, 20 C.F.R. Part 404, Subpart P., App.1.

The ALJ next assessed Plaintiff's residual functional capacity (RFC). He found that Plaintiff retained the capacity to perform the full range of light exertional level work, subject to the following limitations: He could occasionally climb ladders, ropes, and scaffolds; occasionally crawl; needed to avoid even moderate exposure to fumes, odors, and gases; required work allowing a sit/stand option; was limited to occasional overhead lifting, and could perform only simple, routine tasks. In determining Plaintiff's RFC, the ALJ found that Plaintiff's statements concerning the intensity, persistence, and limiting effects of his symptoms were not credible to the extent they were inconsistent with this assessment.

Based upon the testimony of the VE, at the fourth step, the ALJ found that Plaintiff could not perform any of his past relevant work.

At the fifth step of his disability analysis, the ALJ found that Plaintiff could perform other jobs that existed in substantial numbers in the national economy. Based upon the testimony of the VE, he cited small products assembler, cashier, and package sorter jobs as examples of such work. Having concluded that Plaintiff could perform this work, the ALJ found that Plaintiff was not disabled within the meaning of the Act between the date of his alleged onset of disability and his date last insured.

## Standard of Review

A claimant is disabled if he or she is unable "to engage in substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). Claimants bear the initial burden of establishing disability. Roberts v. Shalala, 66 F.3d 179, 182 (9th Cir. 1995), cert. denied, 517 U.S. 1122 (1996). The Commissioner bears the burden of developing the record, DeLorme v. Sullivan, 924 F.2d 841, 849 (9th Cir. 1991),

FINDINGS AND RECOMMENDATION - 6

and bears the burden of establishing that a claimant can perform "other work" at Step Five of the disability analysis process.  Tackett, 180 F.3d at 1098.

The district court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g); see also Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995). "Substantial evidence means more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Andrews, 53 F.3d at 1039.  The court must weigh all of the evidence, whether it supports or detracts from the Commissioner's decision.  Martinez v. Heckler, 807 F.2d 771, 772 (9th Cir. 1986).  The Commissioner's decision must be upheld, however, even if "the evidence is susceptible to more than one rational interpretation."  Andrews, 53 F.3d at 1039-40.

## Discussion

In his opening brief, Plaintiff contends that a post hearing assessment from his treating physician, which was provided to the Appeals Council after the ALJ had denied his claim, establishes that he is entitled to benefits.  He also contends that the ALJ erred in finding that he could work in spite of his impaired concentration, persistence, and pace. However, Plaintiff withdraws his first assignment of error in his Reply, leaving for this court only the question of the adequacy of the ALJ's RFC assessment.

**Adequacy of ALJ's Residual Functional Capacity Assessment**

The ALJ found that Plaintiff had moderate deficits in concentration, persistence, and pace, and accounted for these by limiting him to "simple, routine tasks" in his RFC assessment.

FINDINGS AND RECOMMENDATION - 7

In response to his vocational hypothetical incorporating this "simple, routine tasks" limitation, the VE testified that an individual with Plaintiff's RFC could work as a small products assembler, cashier, or packager/sorter. Based upon that testimony, the ALJ concluded that Plaintiff had not been disabled within the meaning of the Act as of his date last insured.

Plaintiff contends that the ALJ erred in failing to specifically refer to his limitations in concentration, persistence, and pace in his questioning of the VE, and in accounting for those limitations with only a limitation to "simple, routine tasks." He contends that this action should be remanded to the Agency for further proceedings because of these failures.

In order to be accurate, an ALJ's vocational hypothetical presented to a VE must set out all of a claimant's impairments and limitations. E.g., Gallant v. Heckler, 753 F.2d 1450, 1456 (9th Cir. 1984). The ALJ's depiction of a claimant's limitations must be "accurate, detailed, and supported by the medical record." Tackett v. Apfel, 180 F.3d 1094, 1101 (9th Cir. 1999). If the assumptions set out in the hypothetical are not supported by the record, a VE's conclusion that a claimant can work does not have evidentiary value. Gallant, 753 F.3d at 1456.

In determining whether the ALJ's vocational hypothetical properly accounted for the moderate difficulties in concentration, persistence, and pace he had found, it is important to note that these limitations were not part of the ALJ's RFC findings. See SSR 96-8p, *available at* 1996 WL 374184 at *4 (findings concerning concentration, persistence, and pace not an RFC determination). Instead, these findings are "used to rate the severity of mental impairment(s) at steps 2 and 3 of the sequential evaluation process." Id. (citing 20 C.F.R. §§ 404.1520(a); 416.920(a)). This is significant because the mental RFC assessment at steps 4 and 5 requires a more detailed assessment of the claimant's mental function, id., and the ALJ here examined Plaintiff's mental status at greater length in his assessment of Plaintiff's RFC. The ALJ

FINDINGS AND RECOMMENDATION - 8

reviewed the evidence concerning Plaintiff's psychological condition, including the results of a consultative examination conducted by Dr. Peter Okulitch. He noted that Dr. Okulitch had opined that Plaintiff could perform both simple, repetitive tasks and more detailed and complex tasks, and would be able to maintain employment if he found a job that was within his physical capacity. The ALJ gave significant weight to Dr. Okulitch's opinion, but limited Plaintiff to only simple, routine tasks "in light of the impact of [his] pain on his depressive symptoms and overall functioning . . . ." ALJ's decision at 19.

Plaintiff has cited decisions from the District of Oregon, published and unpublished decisions by the Ninth Circuit Court of Appeals, and decisions from other circuits in which a court has concluded that a limitation to simple, repetitive tasks did not sufficiently account for a claimant's impairments in concentration, persistence, and pace. The Commissioner, on the other hand, cites published Ninth Circuit decisions in which the court has found that impairments in concentration, persistence, and pace were sufficiently accommodated by a restriction to simple tasks or required no limitation other than a restriction to light work.

Stubbs-Danielson v. Astrue, 539 F.3d 1169 (9th Cir. 2008), is the most relevant decision cited by the Commissioner. There, the court concluded that limiting a claimant to simple tasks adequately addressed the claimant's mental limitations and limitations of concentration, persistence, and pace because that limitation was consistent with the restrictions identified in the claimant's medical record. Id. at 1174.

I have cited and relied on Stubbs-Danielson in other cases raising the issue whether a limitation on work complexity adequately accounts for impairments in concentration, persistence, and pace. In Gillock v. Astrue, CV 09-6370-JE (D. Or. June 29, 2011) available at 2011 WL 4916499 at *5 (Finding and Recommendation adopted by Hon. James Redden,

FINDINGS AND RECOMMENDATION - 9

October 17, 2011), I cited that decision in support of my conclusion that a limitation to simple, routine tasks sufficiently accounted for the plaintiff's limited ability to maintain concentration, persistence, and pace.  In <u>Bordeaux v. Colvin</u>, 3:12-cv-01213-JE at *23 (D. Or. Aug. 5, 2013) (Finding and Recommendation adopted by Hon. Michael Simon, September 14, 2013) available at 2013 WL 4773577 at *13, I cited <u>Stubbs-Danielson</u> in concluding that limiting the claimant to simple work adequately accounted for Plaintiff's mental limitations, including  limitations in concentration, persistence and pace.  In reaching that conclusion, I noted that the ALJ had fully reviewed the record, and that his RFC assessment was supported by substantial evidence in the record, including the records of the plaintiff's treating and examining doctors.

<u>Stubbs-Danielson</u> clarifies that the adequacy of a limitation set out in an RFC turns on its consistency with restrictions identified in the medical record.  <u>Stubbs-Danielson</u>, 539 F.3d at 1174.  Under the guidance of that decision, I conclude that, in restricting Plaintiff to "simple, routine tasks," the ALJ here adequately accounted for the moderate limitations in concentration, persistence, and pace that he had found.  Here, as in <u>Stubbs-Danielson</u>, the ALJ fully reviewed the record concerning Plaintiff's mental impairments.  The ALJ reviewed and discussed counseling records and records of examinations and evaluations performed by treating and examining doctors.  These records provided substantial support for the ALJ's conclusion that Plaintiff could perform work requiring only simple, routine tasks.  The ALJ's vocational hypothetical therefore sufficiently accounted for Plaintiff's mental impairments and limitations, and the ALJ could reasonably rely on the VE's testimony that an individual with Plaintiff's functional capacity could perform jobs that existed in substantial numbers.

## Conclusion

FINDINGS AND RECOMMENDATION - 10

A judgment should be entered AFFIRMING the Commissioner's decision and DISMISSING this action with prejudice.

### Scheduling Order

This Findings and Recommendation will be referred to a district judge. Objections, if any, are due March 31, 2014. If no objections are filed, then the Findings and Recommendation will go under advisement on that date.

If objections are filed, then a response is due within 14 days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

DATED this 13th day of March, 2014.

      /s/ John Jelderks
John Jelderks
U.S. Magistrate Judge